IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SKYLER GRIEBEL,<br><br>　　　　Petitioner,<br><br>vs.<br><br>SHERIFF BRAD BICHLER,<br><br>　　　　Respondent. | Cause No. CV 25-44-BLG-DWM<br><br>ORDER |

Petitioner Skyler Griebel, a pretrial detainee proceeding pro se, filed an Amended Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and brief in support. (Docs. 7 & 8.) Respondent was directed to respond and filed an Answer along with documents from the state court record. See e.g., (Doc. 14.) The matter is ripe for adjudication.

**Background**

Griebel is presently awaiting trial in Montana's Sixth Judicial District, Park County. Griebel was originally arrested and charged with Deliberate Homicide in February of 2022. He previously filed a habeas petition in this Court in which he alleged : (1) the State of Montana denied him an evidentiary hearing, pursuant to

1

*Franks v. Delaware*, 438 U.S. 154 (1978), in contravention of clearly established federal law; and (2) the Montana Supreme Court unlawfully denied his motion to disqualify the trial judge following the judge's public reprimand and thirty-day suspension by the Judicial Standards Commission. Judge Watters considered Griebel's petition and determined that all of the factors set forth in the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), were met in that matter and precluded this Court's review. *See, Griebel v. State, et al.*, Cause No. CV-23-88-BLG-SPW, Or. at 7-9 (D. Mont. Aug. 7, 2023). Further, Judge Watters determined there was no extraordinary circumstance that would warrant this Court's intervention in Griebel's ongoing state proceedings. (*Id.* at 8-9.) The matter was dismissed.

Griebel's state case was vigorously litigated. Griebel sought dismissal based upon the State's failure to provide him evidence, sought removal of the trial judge, sought dismissal based upon a lack of probable cause, filed two motions to dismiss for speedy trial violations, filed writs of supervisory control in the Montana Supreme Court, and moved for disqualification of the second judge assigned to the matter, among other motions. *See e.g., State v. Griebel*, 2024 MT 295N, ¶¶4-14, 2024 WL 5055583.[1] Following a hearing on Griebel's speedy trial motion, the

---

[1] *See also*, ROA (Doc. 14-1, Filing Nos. 25, 31, 33, 64, 66, 73, 83, 150, 154, 159, 175, 188, 205, 218, 225, 239, 253, 268, and 269.)

2

district court found that Griebel's right to a speedy trial had been violated by the State and granted Griebel's motion to dismiss.

The State appealed. The Montana Supreme Court considered each of the balancing factors set out in *State v. Ariegwe*: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's response to the delay; and (4) prejudice to the accused. *Griebel*, at ¶17, *citing Ariegwe,* 2007 MT 204, ¶¶106-111, 228 Mont. 442, 167 P. 3d 815. The Court found that the first factor weighed significantly against the State because the 619-day delay in Griebel's trial greatly exceeded the 200-day threshold. *Griebel*, at ¶¶18-19. The second factor weighed lightly against the State, as each delay that occurred was institutional in nature. *Id.* at ¶¶22-29. Similarly, the fourth factor weighted lightly against the State, while there was a loss of some witnesses and diminished memory of others, Griebel took no steps to mitigate the prejudice to his case. *Id.* at ¶¶34-41.

Importantly, the Court weighed the third factor heavily against Griebel. It found that he engaged in extensive motion practice that had dubious legal merit and was largely repetitive in nature. Particularly, two motions to dismiss were denied, as were writs of supervisory control, and the federal habeas petition. *Id.* at ¶31. Griebel's lack of a desire for a speedy trial was evidenced by his counsel's own statement, made during a pretrial hearing, in which she acknowledged she did not want a trial, but rather for her client not to be charged with something where

3

there was not "an iota" that probable cause existed for the commission of a crime. *Id.* at ¶31. Griebel's "clear disinterest in bringing his case to trial, expressed with both his actions and his counsel's words" considerably diminished the weight of the other three factors. The Court determined Griebel was not deprived of his right to a speedy trial. *Id.* at ¶41. The lower court's dismissal was reversed, and the matter was remanded for further proceedings.

Griebel is presently incarcerated in the Park County Detention Facility and his jury trial is scheduled for October 20, 2025. *See*, (Doc. 14-109.) Although Griebel proceeds pro se in the instant proceedings, he is represented by counsel in the criminal matter. *See e.g.*, (Doc. 14-110.)

**Griebel's claims**

Griebel alleges (1) that his Sixth Amendment right to a speedy trial has been violated in his state criminal proceedings; (2) that the State has violated his right to due process by failing to turn over discovery, destroying evidence, and the loss of witnesses; and (3) the Montana Supreme Court's decision reversing the dismissal of his case via a non-cite opinion demonstrates bad faith and harassment. (Doc. 7 at 7.) Griebel asks this Court to reverse and remand the Montana Supreme Court's decision with instructions upholding the district court's original dismissal. (*Id.* at 8); *see also*, (Doc. 9.)

4

In response, the State argues that the amended petition merits abstention under the *Younger* doctrine and that Griebel has not established any "extraordinary circumstances," that would qualify as an exception to the rule. (Doc. 14 at 60-66.) Further, the State contends that grounds 2 and 3 are not cognizable in this action. (*Id.* at 67-70.) The State also asserts that Griebel's right to a speedy trial was not violated. (*Id.* at 70-95.)

**Analysis**

Although the Montana Supreme Court has had an opportunity to address Griebel's speedy trial claim, it would be premature, as a jurisprudential matter, for this Court to address Griebel's claims now. Under the rule of *Younger v. Harris*, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.*, 401 U.S. at 45.

Even in ordinary circumstances, injunctive relief is not available unless the petitioner can show that he will suffer "irreparable injury" absent injunction. Where an injunction is sought against ongoing state proceedings, the standard is even higher:

> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federal protected rights must be one that

5

> cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 46 (internal citation and quotation marks omitted). While Griebel was not successful on appeal and now must face trial, this does not constitute a second prosecution. Or put another way, Griebel is still in the midst of a "single criminal prosecution."

Griebel's petition is barred by the abstention doctrine. *Younger v. Harris* and its progeny set out the circumstances where a federal court must abstain from a habeas petition challenging pre-conviction state confinement:

> (1) [when] a state judicial proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating constitutional issues in the state proceedings; and (4) the federal court action would enjoin the proceedings or have the practical effect of doing so.

401 U.S. 37; *see also, Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).

In *Carden v. Montana*, the Ninth Circuit clarified that the principles of comity mandating federal courts to abstain from pre-conviction habeas challenges to state criminal prosecutions "absent specifically defined extraordinary circumstances." *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). In practical terms, the *Younger* doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Id., quoting Drury v.*

6

*Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972). Thus, only where there is a clear demonstration of bad faith, or irreparable injury by the state, may a federal court hear a state prisoner's Section 2241 petition alleging speedy trial violations. *See, Carden*, 626 F. 2d at 84; *see also, Perez v. Ledesma*, 401 U.S. 82 (1971).

      As Griebel has explained in his own filings, and as shown by the documents filed by Respondent, Griebel is presently detained on a deliberate homicide charge. The matter is progressing through the state court and is scheduled for a jury trial. Thus, the state criminal matter against Griebel remains ongoing. The state of Montana has an important interest in enforcing its laws. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Griebel is represented by counsel and there is no indication in the record that he has been barred from raising federal constitutional issues in the criminal matter. Finally, granting relief in the instant matter would have the practical effect of enjoining Griebel's ongoing state proceedings. Thus, all of the *Younger* factors are present.

      Furthermore, the fact that Griebel was unsuccessful on appeal does not demonstrate harassment, a prosecution in bad faith, or delay which has resulted in irreparable injury. Moreover, the Montana Supreme Court's decision demonstrates

that Griebel was responsible for some of the delay that occurred in the state proceedings, and he did not demonstrate an interest in pursuing his right to a speedy trial. There are not extraordinary circumstances present that would warrant this Court's intervention.

There is no compelling reason for this Court to intervene, accordingly, it will abstain. Generally, when *Younger* abstention applies, a court may not retain jurisdiction and should dismiss the action. *Juidice v. Vail*, 430 U.S. 327, 337 (1977); *H.C. ex rel. Gordon v. Koppel*, 203 F. 3d 610, 613 (9th Cir. 2000)("When the case is one in which the *Younger* doctrine applies, the case must be dismissed.") This matter will be dismissed. Further, because dismissal is appropriate under *Younger*, the Court declines to address Respondent's remaining arguments.

**Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth herein, Griebel has not made a substantial showing of the denial of a constitutional right. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Griebel's Amended Petition (Doc. 7) is DISMISSED.

2. The Clerk of Court is directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 1st day of October, 2025.

Donald W. Molloy, District Judge
United States District Court